UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME T. JOHNSON, | ) | CASE NO. 4:10CV2167 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| CON-WAY FREIGHT, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 9)[1] and defendant's memorandum in opposition (Doc. No. 12). No reply brief was filed and the deadline for doing so has passed. For the reasons set forth below, the motion is **DENIED**.

### I. BACKGROUND

On or about August 26, 2010, plaintiff filed a lawsuit in the Trumbull County Court of Common Pleas alleging that defendant Con-Way's decision to terminate his employment on April 7, 2010 constituted age discrimination.[2] On September 27, 2010, defendant removed the action to this Court on the basis of diversity of citizenship, asserting that the amount in controversy exceeded $75,000.00.

Plaintiff filed a one-paragraph motion to remand (Doc. No. 7) on September 30, 2010, wherein he states that he "will not seek damages in excess of $75,000.00 inclusive of

---

[1] Plaintiff inexplicably also filed a single-page motion to remand (Doc. No. 7) which contains no legal analysis. This motion is denied as moot.

[2] The complaint fails to indicate whether the age discrimination claim is brought under federal or state law. Since it was brought in state court, it might safely be assumed that plaintiff intended to bring it under state law.

interest and attorneys' fees." On October 4, 2010, plaintiff filed a second motion to remand asserting that he "does not now seek damages, interest and attorneys' fees" (Doc. No. 9 at 1) and indicating that, to the extent that might change after remand, he would so advise and defendant would then be permitted to remove the case a second time.

## II. DISCUSSION

In order to invoke the diversity jurisdiction of this Court under 28 U.S.C. § 1332, not only must the citizenship of the parties be diverse, the amount in controversy, exclusive of interest and costs, must exceed $75,000.00. Plaintiff does not challenge the diverse citizenship of the parties. He only argues that the jurisdictional amount in controversy has not been met.

Where, as here, a plaintiff does not plead a specific amount in controversy, the removing party has the burden of showing, through a preponderance of the evidence, that the plaintiff's claims, at the time of removal, satisfy the jurisdictional amount. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiff's claim for damages.'" *Id*. (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

Although plaintiff has not alleged a basis for his age discrimination claim, presumably it was brought under O.R.C. Chapter 4112. This chapter permits recovery of front pay, back pay, and other compensatory damages, as well as punitive damages and attorneys' fees.

Plaintiff's complaint alleges that he was earning approximately $22.95 per hour as a Con-Way employee and that he is 62 years old. Assuming that his pay rate would have remained constant through the age of 65, his back pay and front pay alone would exceed the jurisdictional amount. Plaintiff's own damages calculations set forth in his initial disclosures support the conclusion that the amount in controversy is satisfied. There, plaintiff calculates his back and front pay damages at $56,673.64. That amount, coupled with recovery of any other form of damages, including attorneys' fees,[3] would easily satisfy the jurisdictional amount required.

### III. CONCLUSION

Accordingly, because it is not clear from the face of the complaint that the amount in controversy could not have been in excess of $75,000 at the time of the notice of removal, plaintiff's motion to remand (Doc. No. 9) is **DENIED**.

---

[3] "When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered . . . unless it is apparent to a legal certainty that such cannot be recovered." *Hayes*, 266 F.3d at 572 (quoting *Holley Equip. Corp. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987)) (ellipsis in original). "As a general rule, attorneys' fees are excludable in determining the amount in controversy for purposes of diversity, unless the fees are provided for by contract or where a statute mandates or expressly allows the payment of such fees." *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). However, "Ohio has long permitted recovery of attorney fees, even in the absence of statutory authorization, where punitive damages are proper." *Sutherland v. Nationwide Gen. Ins. Co.*, 102 Ohio App. 3d 297, 283 (Ohio App. 10. 1995) (citing cases). Although the court in *Sutherland* ruled that the question of attorney fees had been waived, it made clear that attorneys' fees can be sought as part of punitive damages. *Id*. at 284.

## IV. SUBSEQUENT PROCEEDINGS

Having resolved the motion to remand, the Court will, by separate order, reschedule the Case Management Conference.

**IT IS SO ORDERED**.

Dated: November 15, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**